**PINILISHALPERN, LLP**
GABRIEL H. HALPERN (GH 5395)
160 Morris Street
Morristown, New Jersey 07960
Tel: (973) 401-1111
Fax: (973) 401-1114
Counsel for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANLEY TOYS, LTD., a Hong Kong corporation<br><br>Plaintiff,<br><br>v.<br><br>TOYS "R" US, Inc. a Delaware Corporation<br><br>Defendant. | Case No. |

## COMPLAINT

Plaintiff, Manley Toys, Ltd. a Hong Kong corporation ("Manley") hereby sues Defendant, Toys "R" Us. Inc. ("TRU"), a Delaware corporation, and alleges as follows:

**PARTIES JURISDICTION AND VENUE**

1. Manley is a corporation duly organized under the laws of Hong Kong with its principal place of business at 828 Cheung Sha Wan Road, Hong Kong. Manley is, in part, engaged in the business of designing and developing various toy products that are eventually sold throughout the world, including within this Judicial District.

2. TRU is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey at One Geoffrey Way, Wayne, New Jersey 07470. TRU is engaged in the retail sale of various toy products.

3. This Court has subject matter jurisdiction over this action pursuant to 28 USC 1332 inasmuch as the plaintiff and defendant are citizens of different states or countries and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

4. This Court has personal jurisdiction over the parties by virtue of an agreement among the parties providing for jurisdiction in "any federal court located in Essex County New Jersey".

5. Venue is proper pursuant to the terms of the aforementioned agreement and because TRU's principal place of business is located in this district.

## COMMON FACTUAL ALLEGATIONS

6. Prior to the events set forth hereinafter, Manley sold to TRU, and TRU purchased from Manley, millions of dollars worth of toys and related products.

7. In or around January, 2012 TRU was indebted to Manley on these purchases in an amount in excess of $1million.

8. TRU refused to pay Manley. TRU attempted to justify its refusal to pay because a monetary judgment had been rendered against TRU for a personal injury/product liability action arising out of a product sold to TRU by Manley.

9. In order to resolve the dispute Manley and TRU entered into an agreement on or about January 5, 2012 ("Holdback Agreement"). Pursuant to the Holdback Agreement TRU was to deposit a specified amount owed to Manley in an "Offset Account". Manley and TRU further agreed that TRU would deduct a percentage from future gross invoices, and deposit these funds into the Offset Account.

10. The parties agreed that "TRU shall have no other holdback or offset rights" other than those set forth in the Holdback Agreement during the pendency of the appeal of the monetary judgment.

11. Subsequent to execution of the Holdback Agreement, Manley sold and delivered products to TRU. TRU had, and still has not paid for these products

12. Notwithstanding the terms of the Holdback Agreement, TRU has failed and refused to pay Manley for the products that TRU has purchased.

13. There is presently due from TRU to Manley in excess of $1million.

## COUNT I
### (Breach of Holdback Agreement)

14. Manley repeats the previous allegations as if set forth at length herein.

15. TRU has breached the terms of the Holdback Agreement by refusing to pay to Manley for any and all invoices due after the date of the Holdback Agreement and by holding those funds as additional security in violation of the express terms of the Holdback Agreement.

16. Manley has demanded payment but TRU has failed and refused to pay.

17. As a result of TRU's breach of the Holdback Agreement, Manley has been damaged.

## COUNT II
### (Fraud)

18. Manley repeats the previous allegations as if set forth at length herein.

19. At the time TRU entered into the Holdback Agreement it did not intend to honor the terms of the Holdback Agreement.

20. TRU fraudulently induced Manley into entering the Holdback Agreement in order to induce Manley to sell additional products by representing to Manley that it would pay for

products TRU purchased after the date of the Holdback Agreement and that it would not take any other holdback or offset other than the percentage deduction from future gross invoices. Specifically, TRU in various emails and voicemail messages represented that it would pay Manley for products it purchased from Manley after the date of the Holdback Agreement and that it "was not linking anything" to the personal injury judgment.

21. The representations made by TRU were false at the time they were made. Specifically, TRU has failed to pay for a single domestic product it has purchased from Manley since the date of the Holdback Agreement.

22. Manley reasonably relied upon the fraudulently misrepresentations of TRU and has sold additional products to TRU.

23. As a result of the aforesaid fraudulent conduct of TRU, Manley has been damaged.

## COUNT III
**(Book Account)**

24. Manley repeats the previous allegations as if set forth at length herein.

25. There is due from TRU monies due and owing on a certain book account stated between TRU and Manley.

26. Payment has been demanded and has not been made.

## COUNT IV
**(Goods Sold and Delivered)**

27. Manley repeats the previous allegations as if set forth at length herein.

28. Manley sues TRU for goods sold and delivered to TRU, upon the promise by TRU to pay the agreed amounts.

29. Payment has been demanded and has not been made.

4

## COUNT V
### (Quantum Meruit)

30. Manley repeats the previous allegations as if set forth at length herein.

31. Manley sues TRU for the reasonable value of goods sold and delivered, upon the promise of TRU to pay a reasonable price for the same.

32. Payment has been demanded and has not been made.

## COUNT VI
### (Account Stated)

33. Manley repeats the previous allegations as if set forth at length herein.

34. TRU being indebted to Manley upon an account stated between them, promised to pay to Manley said sum upon demand.

35. Payment has been demanded and has not been made.

## COUNT VII
### (Negligent Misrepresentation)

36. Manley repeats the previous allegations as if set forth at length herein.

37. In the event that the Court finds TRU's misrepresentations and omissions aforesaid were done without the intent to defraud, it is alternatively alleged that TRU's misrepresentations and omissions were negligent.

38. TRU knew that the information provided to Manley relating to the Holdback Agreement would be relied upon by Manley to its detriment and that if this information was not true and correct, Manley would be damaged.

39. Manley relied to its is damage and detriment on the negligent misrepresentations made to it by TRU.

40. As a result, Manley suffered great damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Manley Toys, Ltd. demands judgment against Defendant Toys "R" Us, Inc. as follows:

    a.    compensatory damages;

    b.    punitive damages;

    c.    attorneys' fees;

    d.    costs of suit incurred; and

    e.    such other relief as the Court may deem just and adequate.

PINILISHALPERN, LLP
Attorneys for Plaintiff

By: /s/ Gabriel H. Halpern
      GABRIEL H. HALPERN